## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEMA C. GALGON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-1337-WEB |
| | ) |
| **AETNA INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## REPORT AND RECOMMENDATION
## TO DENY IFP STATUS

This matter is before the court on plaintiff's motion to proceed in forma pauperis (Doc. 3). For the reasons set forth below, the court recommends that plaintiff's motion be DENIED.

Proceeding in forma pauperis in a civil case is a privilege, not a right. White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998). Under 28 U.S.C. § 1915, a federal court *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means. 28 U.S.C. § 1915(a)(1). The decision whether to grant or deny in forma pauperis status under section 1915 lies within the sound discretion of the court. Cabrera v. Horgas, No. 98-4231, 1999 WL 24173, at *1. When considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds. Buggs v. Riverside Hospital, No.

97-1088, 1997 WL 321289 (D. Kan. April 9, 1997).  An affidavit of financial status must be submitted with the application to proceed in forma pauperis.  28 U.S.C. § 1915(a)(1).

The court has reviewed plaintiff's affidavit of financial resources and concludes that plaintiff does not qualify to proceed in forma pauperis.[1]  Specifically, plaintiff receives approximately $35,000 annually from a pension plan and Social Security disability benefits and her monthly income exceeds her listed expenses.[2]  Under the circumstances, plaintiff does not qualify to proceed in forma pauperis.

However, a magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed in forma pauperis.  See, Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(the denial of plaintiff's motion to proceed in forma pauperis is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).  Accordingly, the undersigned magistrate judge issues this report and recommendation that plaintiff's motion to proceed in forma pauperis be denied.

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to proceed in forma pauperis **(Doc. 3)** be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties may serve and file written objections to the proposed findings and recommendations with the clerk of the district court within **ten**

---

[1] Pursuant to court order, plaintiff supplemented her affidavit with additional information.  See Doc. 5, Plaintiff's Supplemental Application.

[2] Plaintiff also reports owning an IRA valued at $34,000.

**(10) days** after being served with a copy of this recommendation and report.  Failure to make a timely objection to this report and recommendation waives appellate review of both factual and legal issues.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of December 2006.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge